IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| David Williams, | ) | Civil Action No. 6:18-cv-663-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER AND OPINION |
| Federal Bureau of Prisons and United States Attorney General, | ) | |
| Respondent. | ) | |

Before the court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 23) recommending the Court grant Respondents' motion for summary judgment (Dkt. No. 9) and dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Petition"). For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed.

## I. Background

Petitioner David Williams filed this Petition seeking to have certain jail time spent in state custody and federal pretrial detention applied toward his sentence. (Dkt. No. 1). The Magistrate Judge construed the motion as one for summary judgment and recommended that the motion be granted and Petitioner's petition be dismissed. (Dkt. No. 23). Petitioner has not filed objections.

## II. Legal Standard

### A. Summary Judgment[1]

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying

---

[1] Pursuant to Fed. R. Civ. P. 12(d), because both parties presented matters outside of the pleadings, Respondent's motion is treated as one for summary judgment.

the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id. quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**B.     Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In

the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner did not file objections in this case, and the R & R is reviewed for clear error.

### III. Discussion

The period of June 7, 2014, through November 16, 2014, Petitioner's state pretrial detention, was credited toward Petitioner's state sentence when it was originally imposed. (Dkt. No. 9–1 at 19). Therefore, it cannot be credited toward Petitioner's federal sentence. *See* 18 U.S.C. § 3585(b). Petitioner also argues he should receive credit for time spent in federal detention prior his federal sentencing, however time spent in detention subject to a writ of habeas corpus *ad prosequendum* from state custody is not credited as prior custody credit since the prisoner remains in state custody. *See Williamson v. Pettiford*, No. CA 807-3739-HMH-BHH, 2008 WL 2076664, at *3 (D.S.C. May 9, 2008) ("temporary removal of a prisoner from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum does not transfer a prisoner from state to federal custody; 'he is merely on loan to federal authorities.'") *quoting Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir.1992). Instead, that is time that Petitioner was serving his state sentence. Finally, to the extent Petitioner argues that his sentence should be calculated to run concurrently with the state sentence from November 16, 2014, rather than June 10, 2015 (the date he was initially sentenced in federal court), Petitioner is incorrect. Instead, the Magistrate Judge correctly held that Petitioner's sentence runs concurrently from June 10, 2015, as a federal sentence cannot begin prior to the date it is pronounced. *See United States v. McLean*, 867 F.2d 609 (4th Cir. 1989) ("when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served."). His

sentence was accurately computed by the sentencing judge, by the Bureau of Prisons calculating his sentence to run concurrently with the state sentence starting on June 10, 2015, and finally in the Magistrate Judge's recommendation. The Petition therefore will be dismissed.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 23) is **ADOPTED** as the order of the Court, the Court **GRANTS** Respondent's alternative Motion for Summary Judgment (Dkt. No. 9) and the Petition (Dkt. No. 1) is **DISMISSED.**

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner is not entitled to credit for time spent in state custody and federal pretrial detention. Therefore, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 4, 2019
Charleston, South Carolina